UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RICKY J. MCBRIDE, | : | Case No. 1:16-cv-708 |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Karen L. Litkovitz |
| vs. | : | |
| COMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**DECISION AND ENTRY:
(1) ADOPTING THE REPORT AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 22);
(2) OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 23); and
(3) TERMINATING THIS CASE FROM THE DOCKET.**

## I. INTRODUCTION

This case is before the Court pursuant to the Order of General Reference in the United States District Court for the Southern District of Ohio Western Division to United States Magistrate Judge Karen L. Litkovitz. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court, and on August 7, 2017, submitted a Report and Recommendations. (Doc. 22). On August 21, 2017, Plaintiff timely filed objections ("Objections"). (Doc. 23). On September 2, 2017, the Commissioner filed a response. (Doc. 24).

## II. ANALYSIS

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all

of the filings in this matter. Upon consideration of the foregoing, the Court does determine that the Report and Recommendations (Doc. 22) should be and is hereby adopted in its entirety and Plaintiff's Objections (Doc. 23) should be and are overruled.

Plaintiff's first objection argues that the Commissioner erred in determining that claimant's testimony was not credible. (Objections at 7-10). This argument fails. As explained by the Magistrate Judge, the Administrative Law Judge ("ALJ") set forth sufficient reasons for why she deemed Plaintiff's testimony not credible; specifically, Plaintiff's perceived subjective intensity and persistence of pain were not supported by the evidence in the record, and Plaintiff gave inconsistent statements about his daily activities and substance abuse. (R&R at 6-13) & (Tr. at 29-30); *see also* 20 C.F.R. § 404.1529 ("[i]n evaluating the intensity and persistence of your symptoms, including pain, we will consider *all* of the available evidence . . . then determine the extent to which your alleged functional limitations and restrictions due to pain or other symptoms can reasonably be accepted as consistent with medical signs and laboratory findings . . .") (emphasis added); *see also Floyd v. Finch*, 441 F.2d 73, 76 (6th Cir. 1971) ("[i]t is not our function to resolve conflicts in the evidence or determine issues of credibility of witnesses. This is solely the function of the Secretary.").

Plaintiff's second objection argues that the ALJ failed to comply with the required techniques for analyzing mental impairments set forth in 20 C.F.R. § 404.1520(a). (Objections at 10-12). This argument fails. As explained by the Magistrate Judge, the ALJ was not required to create a new psychiatric review technique form, but could

"incorporate the pertinent findings and conclusions in her written decision based on the technique." (R&R at 14). The ALJ took Plaintiff's mental impairments into account, which is supported by the record, and limited the recommendation of employment accordingly to accommodate Plaintiff's impairments. (*Id.*). Furthermore, failure to attach the specific findings to the ALJ's decision is harmless error. (R&R at 13-15) & (Tr. at 28, 32); *see also Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 655 (6th Cir. 2009) ("this court [has] held that an ALJ's failure to attach a PRTF to the written opinion, as required by the prior regulations, amounted to harmless error.") (emphasis added).

Plaintiff's third objection argues that the ALJ failed to give supporting weight to the testimony of Dr. Rao, a treating source. (Objections at 12-14). Similarly, Plaintiff's fifth objection argues that the ALJ failed to properly consider Dr. Rao's testimony when evaluating claimant's residual functional capacity ("RFC"). (*Id.* at 15-16). These arguments fail. First, Plaintiff conceded that "the ALJ justifiably discounted Dr. Rao's opinion." (*Id.* at 12). Second, as explained by the Magistrate Judge, the ALJ's decision not to give supporting weight to Dr. Rao's opinion was justified because his opinion was not supported by clinical and laboratory evidence. (R&R at 15-25) & (Tr. at 30-31); *see also* 20 C.F.R. § 404.1527(c).

Plaintiff's fourth objection argues that the ALJ failed to consider obesity when considering the impact on his ability to work. (Objections at 14-15). This argument fails. As explained by the Magistrate Judge, the ALJ makes individualized assessments to determine the severity of the obesity, but makes no assumptions in regards to the effect it

has on the claimant's functional capacity. Obesity was not included by the treating source nor evidenced by clinical or laboratory tests as an impairment that would affect the claimants ability to work. Additionally, the ALJ determined there was no medical evidence introduced that showed obesity exacerbated Plaintiff's other impairments. (R&R at 25-28).

Plaintiff's sixth objection argues that the ALJ failed to consider sleep apnea when considering the impact on his ability to work. (Objections at 16-17). This argument fails. As explained by the Magistrate Judge, the ALJ specifically considered Plaintiff's sleep apnea in assessing his functional capacity, and stated that the limitations set forth in the RFC accommodate the impact of Plaintiff's sleep apnea on his ability to function. (R&R at 29).

### III.   CONCLUSION

For the foregoing reasons:

1. The Report and Recommendations (Doc. 22) is **ADOPTED** in its entirety;

2. Plaintiff's Objections (Doc. 23) are **OVERRULED**;

3. The Commissioner's decision is **AFFIRMED**; and

4. The Clerk shall enter judgement accordingly, whereupon this case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

Date:   9/22/17

*Timothy S. Black*
Timothy S. Black
United States District Judge